SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARBJIT SINGH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MICHAEL CHERTOFF, Secretary of the ) <br> Department of Homeland Security; ) <br> EDWARD C. FLORES, Chief of ) <br> Correction, Santa Clara County Department ) <br> of Correction; NANCY ALCANTAR, Field ) <br> Office Director, Office of Detention and ) <br> Removal, Immigration and Customs ) <br> Enforcement; PETER D. KEISLER, U.S. ) <br> Attorney General, ) <br> ) <br> Respondents. ) <br> _____ ) | No. C 07-3875 RMW <br><br><br><br><br><br> GOVERNMENT'S RETURN |

## I. INTRODUCTION

Petitioner Sarbjit Singh ("Petitioner") was detained by the Department of Homeland Security ("DHS") when the vehicle in which he was riding attempted to evade a truck gate at the Oakland Seaport. He now asks the Court to order his release, contending that his continued detention during the pendency of his Ninth Circuit appeal is unlawful. To the contrary, such detention is voluntary. Accordingly, the Petition for a Writ of Habeas Corpus should be denied.

///

///

GOVERNMENT'S RETURN
C 07-3875 RMW

## II. FACTS

On April 12, 1995, Petitioner applied for asylum and withholding of removal. See Exh. A. Following an interview, the adjudicating asylum officer referred Petitioner's application to the immigration judge ("IJ"), and issued an order to show cause why he should not be deported. See Exh. B. During the course of the deportation proceeding, the former Immigration and Naturalization Service[1] submitted evidence that Petitioner's birth certificate was forged. See Exh. C. On March 24, 1999, the IJ denied Petitioner's application for asylum and withholding of removal, and granted his application for voluntary departure. See Exh. D. The Board of Immigration Appeals ("BIA") denied Petitioner's appeal, see Exh. E, and the Ninth Circuit Court of Appeals denied Petitioner's subsequent petition for review. See Exh. F. The mandate issued on August 10, 2005. Id.

Petitioner moved the BIA to reopen his case, and requested a stay of removal. See Exh. G. Shortly thereafter, DHS issued a "bag and baggage" letter to Petitioner, requesting that he present himself for deportation on December 12, 2005. See Exh. H. Petitioner failed to appear. Id. The BIA denied his motion to reopen, finding that it was untimely. See Exh. G. Petitioner filed a petition for review of that decision, and sought a stay of removal. See Petition, p. 5.

On January 16, 2007, a vehicle in which Petitioner was riding attempted to circumvent the truck gates at the Oakland Seaport. See Exh. I. Customs and Border Protection ("CBP") agents responded to the incident. Id. Petitioner informed the agents that he was an alien without any legal right to be in the United States. Id. The CBP officers turned Petitioner over to Immigration and Customs Enforcement ("ICE"). Id.

On January 22, 2007, ICE notified Petitioner of that his custody status would be reviewed. See Exh. J. On February 13, 2007, ICE contacted the Indian Consulate to obtain travel documents for Petitioner. See Exh. K. On April 20, 2007, ICE notified Petitioner that his detention would be

---

[1] On March 1, 2003, the new Department of Homeland Security subsumed the former Immigration and Naturalization Service. Homeland Security Act of 2002, Pub. L. No. 107-296, Title IV, 116 Stat. 2135 (Nov. 25, 2002), as amended. Because the immigration proceedings at issue in this petition took place after that date, for ease of reference, this Return will refer to the DHS and its sub-agencies.

1  continued because his removal was delayed due to the stay of removal, and because ICE expected
2  that India would issue travel documents shortly.  See Exh. L.  Those travel documents have now
3  been issued.  See Exh. M.

### III. ANALYSIS

#### A. PETITIONER IS UNDER A FINAL ORDER OF REMOVAL

Petitioner argues that he is in pre-removal status.  See Petition at 12.  However, Petitioner's order of removal became final on August 10, 2005, the date the mandate issued.  8 U.S.C. § 1231(a)(B)(ii); De La Teja v. United States, 321 F.3d 1357, 1363 (11th Cir. 2003) ("Because a final removal order has been entered, De La Teja is no longer being detained pursuant to § 1226(c), which governs only detention prior to a final removal order.").  Accordingly, Petitioner's detention is governed by 8 U.S.C. § 1231.  Under 8 U.S.C. § 1231(a)(2), the Attorney General must detain an alien subject to a final order of removal during the ninety-day statutory "removal period."  8 U.S.C. § 1231(a)(1)(B).

Here, the ninety-day removal period began to run upon entry of the Ninth Circuit's decision, August 10, 2005.  Id.  That does not mean that the removal period has expired, however.  The ninety-day removal period "shall be extended . . . if the alien acts to prevent his removal."  8 U.S.C. § 1231(a)(1)(c). Petitioner's actions in requesting a stay of removal from the BIA, and obtaining a judicial stay in the Ninth Circuit are acts that prevent his removal and therefore, under the plain terms of the statute, extend the removal period. Cruz-Ortiz v. Gonzales, 221 Fed. Appx. 531, 2007 WL 580670, at *1 (9th Cir. Feb. 22, 2007) (describing detention under a stay of removal as voluntary); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (citing 8 U.S.C. § 1231(a)(1)(c) and stating that petitioner interrupted the temporal running of the removal period by moving for and obtaining a stay of deportation); Lawrence v. Gonzales, 446 F.3d 221, 227 (1st Cir. 2006) (holding that an alien's continued post-order detention past the 90 day removal period was permissible where it "occurred pursuant to his own procuring of stays incident to his legal challenges to the removal order"); Soberanes v. Comfort, 388 F.3d 1305, 1310-11 (10th Cir. 2004) (declining to apply Zadvydas to an alien's two and a half year detention, where the alien was detained pending judicial review of his deportation order).

GOVERNMENT'S RETURN
C 07-3875 RMW                                3

1  During this extended removal period, DHS may continue to detain the alien or release the alien in the exercise of discretion. 8 U.S.C. § 1231(a)(1)(C). Because Petitioner has acted to suspend the removal period by obtaining a judicial stay, Respondents have the discretion to continue his detention. Id. The Petition should be denied.

### B. PETITIONER IS NOT ENTITLED TO RELEASE

Even if the removal period has expired, Petitioner has not met his burden of proving there is no significant likelihood of his removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701 ("once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing"). In this case, Petitioner has not established any non-self-generated barrier to his repatriation. Instead, Petitioner prevented his removal from the United States by obtaining a Ninth Circuit stay of removal. Therefore, the six month period of post-order removal identified in Zadvydas v. Davis, 533 U.S. 678 (2001) was suspended and his continued discretionary detention is authorized by 8 U.S.C. § 1231(a)(1)(C).

DHS has completed a post-order custody review and determined that Petitioner should remain detained because the primary reason he cannot be removed is the stay of removal. See Exh. L. Thus, DHS exercised its discretion and lawfully denied release. Zadvydas, 533 U.S. at 683 ("regulations add that the INS District Director will initially review the alien's records to decide whether further detention or release under supervision is warranted after the 90-day removal period expires"). Further, Petitioner's detention has a definite termination point;[2] accordingly, Petitioner is not an alien subject to a period of "indefinite detention." Zadvydas, 533 U.S. at 685 ("the issue we address is whether aliens that the Government finds itself unable to remove are to be condemned to an indefinite term of imprisonment within the United States").

Moreover, because he sought a stay of removal, Petitioner's continued detention is voluntary. Cruz-Ortiz v. Gonzales, 221 Fed. Appx. 531, 2007 WL 580670, at *1 (9th Cir. Feb. 22, 2007); see also see also Bernal v. Chertoff, No. 06cv2184 JAH, 2007 U.S. Dist. LEXIS 61688, at *6-7 (S.D.

---

[2] Indeed, it seems likely the Ninth Circuit proceedings will conclude in short order. Petitioner filed his motion to reopen three years late. 8 C.F.R. § 1003.2(b)(2).

1  Cal. August 22, 2007) (finding that because alien voluntarily chose to remain in detention while
2  pursuing his appeal, he was not entitled to release).  Finally, because travel documents are available,
3  his detention has a definite termination point.  See Exh. M; see also Ma v. Ashcroft, 257 F.3d 1095,
4  1099 (9th Cir. 2001).   Petitioner has failed to meet his burden; therefore, his Petition for a Writ of
5  Habeas Corpus should be denied.

6      D.    ALTERNATIVELY, THE PETITION SHOULD BE DENIED BECAUSE PETITIONER'S REMOVAL IS BARRED ONLY BY THE STAY OF REMOVAL
7

8  Assuming arguendo, and the Court determines that Petitioner's appellate efforts have
9  converted his detention to pre-removal status, Petitioner is being lawfully detained pursuant to 8
10 U.S.C. § 1226(a).  This section grants the Secretary of DHS the discretion to hold aliens in custody
11 pending a final order of removal.  8 U.S.C. § 1226(a).  The Supreme Court has held that detention
12 during removal proceedings is a constitutionally permissible part of the process.  Demore v. Kim,
13 538 U.S. 510, 531 (2003).

14 Here, the Secretary has exercised his discretionary authority, and determined that Petitioner
15 should be detained because but for the stay of removal, Petitioner would be removed.  See Exhs. H,
16 L  This determination is not subject to judicial review, unless Petitioner raises a colorable
17 constitutional question. 8 U.S.C. § 1226(e); Quezada-Bucio v. Ridge, 317 F. Supp. 2d 1221, 1227
18 (W.D. Wash. 2004).  Petitioner has failed to articulate any facts that would suggest his due process
19 rights have been violated.

20 He has been afforded individualized custody review.  Exh. J, L.  There is nothing
21 unreasonable about the length of time he has been held in detention.  See Azeke v. Gonzales, No.
22 C-07-0709 MMC, 2007 WL 1223844 (N.D. Cal. Apr. 25, 2007) (denying habeas petition by alien
23 held in detention since June 2006 whose removal was stayed by the Ninth Circuit).  His Petition
24 should be denied.  See Escalante-Calmo v. Clark, No, C06-1575 RSL, 2007 WL 1577868 (W.D.
25 Wash. May 30, 2007) (finding that non-criminal alien held in custody pending Ninth Circuit
26 decision on his appeal could be detained).

27 ///
28 ///

## V.     CONCLUSION

For the foregoing reasons, the Government respectfully requests the Court to deny the Petition.

Dated: October 19, 2007                                   Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


___/s/___
MELANIE L. PROCTOR
Assistant U.S. Attorney
Attorneys for Respondents

GOVERNMENT'S RETURN
C 07-3875 RMW                                  6