SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-6927

Attorneys for Respondents

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SARBJIT SINGH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MICHAEL CHERTOFF, et al., ) <br> ) <br> Respondents. ) <br> _____ ) | No. C 07-3875 RMW <br><br><br> DECLARATION OF MELANIE PROCTOR |

I, Melanie Proctor, declare and state as follows:

1. I am employed by the United States Attorney's Office, Northern District of California, as an Assistant United States Attorney. My current employment address is 450 Golden Gate Avenue, Box 36055, San Francisco, California, 94102. I am the attorney assigned to the above-captioned matter.

2. I prepared the Government's Return on the basis of the pleadings filed in this case, as well as the administrative record. Immigration and Customs Enforcement provided me with a copy of Petitioner's administrative file ("A-file").

3. The documents attached as Exhibits A-L are from the A-file. A true copy of said documents accompanies the Government's Return in this case.

///

PROCTOR DECLARATION
No. C 07-3875 RMW

1      4.    On October 9, 2007, the Deportation and Removal Officer assigned to this case provided me with a copy of the travel documents issued for Petitioner. A true and correct copy of those documents is attached as Exhibit M.

Signed this 19th day of October, 2007, in San Francisco, California.

                                                        /s/
                                        MELANIE L. PROCTOR

# EXHIBIT A

**MENT OF JUSTICE**
Immigration and Naturalization Service

OMB No. 1115-0086
Application for Asylum and for Withholding of Deportation

*Start here - Please Type or Print. Use Black ink. See the separate instruction pamphlet for information about eligibility and how to complete and file this application.*

## PART A - INFORMATION ABOUT YOU.

1. Alien Registration Number (A#): 73 396 618 NONE
2. Social Security Number: NONE
3. Last Name: SINGH
4. First Name: SARBJIT
5. Middle Initial: NONE
6. Mailing Address in the U.S.
   C/O:
   Street Number and Name: 2525 COBBLE STONE DR
   Apt. No.:
   City: HAYWARD
   State: CA
   Zip Code: 94545
7. Sex: ☒ Male ☐ Female
8. Marital Status: ☒ Single ☐ Married ☐ Divorced ☐ Widowed
9. Date of Birth (Mo/Day/Yr): 4/8/72
10. Country of Birth: INDIA
11. Present Nationality: INDIAN
12. Race/Ethnic or Tribal Group: SIKH
13. Religion: SIKH
14. Immigration Status (check one and attach a copy of your INS status document)
    a. ☐ I am now in exclusion proceedings. (Skip to question 15)
    b. ☐ I am now in deportation proceedings. (Skip to question 15)
    c. ☒ I am not now in exclusion or deportation proceedings. (Complete the blocks at right.)

    Date of Last Arrival into the U.S. (month/day/year): 3/3/95
    Place of Last Arrival into the U.S.: MEXICO  Douglas, AZ
    Status when Admitted: EWI
    I-94#: NONE
    Current or most recent Status: ASYLUM APPLIC.
    Expires or expired on (month/day/year): N/A

15. Have you or your spouse ever filed in the U.S. for asylum or withholding of deportation?
    a. ☒ No
    b. ☐ I have not filed, but I was included in my parent's pending application. I am now 21 years old, or am married, so I am filing on my own.
    c. ☐ Yes *(Explain in detail on separate paper, include the A#'s and disposition or status of each application.)*

**Background Information.**

16. Other names used (include Maiden Name and all aliases): NONE
17. Native Language
    a. ☐ I am fluent in English
    b. ☒ I am not fluent in English, but am fluent in: PUNJABI
18. Nationality at Birth: INDIAN
19. Country which issued my last passport or travel document *(Attach a complete copy of this document)*: N/A
20. Passport No.: NONE
21. Expires on (Mo/Day/Yr): N/A
22. Was an exit visa required to leave your country? ☐ Yes ☒ No
23. Address prior to arrival in the U.S.: HOSHIAR PUR PUNJAB INDIA

Form I-589 (Rev. 11-16-94) N - No prior versions may be used.

---

For INS Use Only

Returned:
Receipt:
Resubmitted:
Reloc Sent:
Reloc Rec-d:

APR 21 1995 - 7 30 AM DSK

Action:
Interview Date: 6/22/95
Asylum:
☐ Granted
☐ Denied
☒ Referred
Date A.O. decision or referral issued: 6/22/95

ZSF035

Total number of persons granted asylum: ____

For EOIR Use Only

I-589

To be completed by attorney or representative, if any
☐ Check if G-28/EOIR-28 is attached showing you represent the applicant.
INS VOLAG or PIN #
ATTY State License #

ZSF

**2. Your unmarried children under age 21 - *Continued***

| Last Name | | First Name | Middle Initial | Date of Marriage |
|---|---|---|---|---|
| Social Security # | | A# | | *If the person is in the U.S., and is included in this application for asylum, attach 1 photograph of him or her on the extra copy of the application submitted for this person.* |
| Date of Birth *(month/day/year)* | | Country of Birth | | |
| Sex    a. ☐ Male    b. ☐ Female | | Citizenship | | |

| Current Status (check one) → | a. ☐ In U.S. exclusion proceedings | b. ☐ In U.S. deportation proceeding | c. ☐ In U.S., but not in exclusion or deportation proceedings | d. ☐ Not in the U. S. *(skip to next person)* |
|---|---|---|---|---|
| If you checked "c", complete the following → | Date of Last Arrival into the U.S. *(month/day/year)* | | I-94# | Status at time of entry *(type of visa)* |
| | Expires on *(month/day/year)* | | Current Immigration Status | |
| If in the U.S., is he or she included in this application for asylum? (check one) → | a. ☐ Yes | b. ☐ No - filing separately | c. ☐ No - separate application now pending | d. ☐ No - for other reasons *(explain why on separate paper)* |

| Last Name | | First Name | | Middle Initial |
|---|---|---|---|---|
| Social Security # | | A# | | *If the person is in the U.S., and is included in this application for asylum, attach 1 photograph of him or her on the extra copy of the application submitted for this person.* |
| Date of Birth *(month/day/year)* | | Country of Birth | | |
| Sex    a. ☐ Male    b. ☐ Female | | Citizenship | | |

| Current Status (check one) → | a. ☐ In U.S. exclusion proceedings | b. ☐ In U.S. deportation proceeding | c. ☐ In U.S., but not in exclusion or deportation proceedings | d. ☐ Not in the U. S. *(skip to next person)* |
|---|---|---|---|---|
| If you checked "c", complete the following → | Date of Last Arrival into the U.S. *(month/day/year)* | | I-94# | Status at time of entry *(type of visa)* |
| | Expires on *(month/day/year)* | | Current Immigration Status | |
| If in the U.S., is he or she included in this application for asylum? (check one) → | a. ☐ Yes | b. ☐ No - filing separately | c. ☐ No - separate application now pending | d. ☐ No - for other reasons *(explain why on separate paper)* |

| Last Name | | First Name | | Middle Initial |
|---|---|---|---|---|
| Social Security # | | A# | | *If the person is in the U.S., and is included in this application for asylum, attach 1 photograph of him or her on the extra copy of the application submitted for this person.* |
| Date of Birth *(month/day/year)* | | Country of Birth | | |
| Sex    a. ☐ Male    b. ☐ Female | | Citizenship | | |

| Current Status (check one) → | a. ☐ In U.S. exclusion proceedings | b. ☐ In U.S. deportation proceeding | c. ☐ In U.S., but not in exclusion or deportation proceedings | d. ☐ Not in the U. S. *(skip to next person)* |
|---|---|---|---|---|
| If you checked "c", complete the following → | Date of Last Arrival into the U.S. *(month/day/year)* | | I-94# | Status at time of entry *(type of visa)* |
| | Expires on *(month/day/year)* | | Current Immigration Status | |
| If in the U.S., is he or she included in this application for asylum? (check one) → | a. ☐ Yes | b. ☐ No - filing separately | c. ☐ No - separate application now pending | d. ☐ No - for other reasons *(explain why on separate paper)* |

**Total number of unmarried children under age 21 included in this application  0 .**

3

3. Have you or any member of your family ever belonged to or been associated with any organizations or groups in your home country (i.e., a political party, student group, union, religious organization, military or para-military group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press)?

☐ No  ☒ Yes  (If yes, provide the following information relating to each organization or group: Name of organization or group, dates of membership or affiliation, purpose of the organization, what, if any, you or your relative's duties or responsibilities were, and whether you are still an active member; attach additional sheets as needed.)

I WAS A MEMBER OF THE AISSF

4. Have you or any member of your family, ever been mistreated/threatened by the authorities of your home country or by a group (s) controlled by the government, or by a group(s) which the government of your home country is unable or unwilling to control?

☐ No  ☒ Yes  (If yes, check the following boxes that apply:)

☒ Race  ☒ Religion  ☐ Nationality  ☒ Membership in a particular social group  ☒ Political opinion

Specify for each instance: your relationship, what occurred and the circumstances, date, exact location, who took such action against you, what was his/her position in the government or group, reason why the incident occurred, names and addresses of a few of the people who may have witnessed these actions and who could verify these statements. Attach documents referring to these incidents, if available; attach additional sheets as needed.)

I HAVE BEEN ABUSED BOTH MENTALLY AND PHYSICALLY ABUSED AND SO HAVE MY PARENTS. PLEASE SEE ANSWER TO PART C, Q1

5. Have you or any member of your family, ever been:  ☒ Arrested  ☒ Detained  ☒ Interrogated
☐ Convicted and sentenced  ☐ Imprisoned in your country, any other country, or in the U.S.?
☐ No  ☒ Yes  (If yes, specify for each instance: What occurred and the circumstances, dates, location, duration of the detention or imprisonment, reason for the detention or conviction, treatment during detention or imprisonment, what formal charges were placed against you, reason for the release, treatment after release, names and addresses of a few of the people who could verify these statements. Attach documents referring to these incidents, if any.)

I WAS ARRESTED THE FIRDT TIME OUTSIDE THE MAGISTRATES HOUSE IN JANUARY 94 AND AGAIN IN OCTOBER 94 FROM MY HOUSE. THE POLICE ALSO CAME LOOKING FOR ME IN JAN. 95 BUT DID NOT FIND ME BECAUSE MY FRIEND HID ME AND LIED TO THE POICE.

5




### PART F. SIGNATURE.

*After reading the information on penalties in the instructions, complete and sign below. If someone helped you prepare this application, he or she must complete Part G.*

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct. Title 18, United States Code, Section 1546, provides in part: ...Whoever knowingly makes under oath, or as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement -- shall be fined in accordance with this title or imprisoned not more than five years, or both. I authorize the release of any information from my record which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking.

Attach 2 photographs of the applicant named in Part A here and staple

**Warning:** Applicants who are in the United States illegally are subject to exclusion or deportation if their asylum claims are not granted by an Asylum Officer. Any information provided in completing this application may be used as the basis for the institution of, or as evidence in, Exclusion Proceedings in accordance with 8 CFR part 236 or Deportation Proceedings in accordance with 8 CFR part 242.

Signature of Applicant    ( *The person named in Part A* )    Date (month/day/year)

[ Sarbjit Singh ]    4/14/95

*Sign your name so it all appears within the brackets.*

Write your name in your native alphabet:

ਸਰਬਜੀਤ ਸਿੰਘ

Print Name    SARBJIT SINGH    Daytime Telephone Number (  )

Did someone other than you, or an immediate family member prepare the application?

☒ Yes (Complete Part G)    ☐ No

### PART G. SIGNATURE OF PERSON PREPARING FORM IF OTHER THAN ABOVE. *Sign below.*

I declare that I have prepared this application at the request of the person named in Part F, that the responses provided are based on all information of which I have knowledge, or which was provided to me by the applicant and that the completed application was read to the applicant in his or her native language for verification before he or she signed the application in my presence. I am aware that the knowing placement of false information of the Form I-589 may also subject me to civil penalties under 8 U.S.C. Section 1324(c).

Signature of Preparer    Print Name    Date (month/day/year)    Daytime Telephone Number

    JASBIR SINGH    4/14/95    (510) 4419633

Complete Address of Preparer

30030 MISSION BL, SUITE 111, HAYWARD, CA

### PART H. TO BE COMPLETED AT INTERVIEW.

*You will be asked to complete this Part when you appear before an Asylum Officer of the Immigration and Naturalization Service (INS), or an Immigration Judge of the Executive Office for Immigration Review (EOIR) for examination.*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are all true to the best of my knowledge and that corrections numbered __ to __ were made by me or at my request.

Signed and sworn to before me by the above-named applicant on:

X Sarbjit Singh
Signature of Applicant

ਸਰਬਜੀਤ ਸਿੰਘ
Write your name in your native alphabet

6/22/95
(month/day/year)

Signature of Asylum Officer or Immigration Judge

25F038

7

# EXHIBIT B

# ORDER TO SHOW CAUSE AND NOTICE OF HEARING
### (ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)

In Deportation Proceedings under section 242 of the Immigration and Nationality Act.
(En los procedimientos de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad.)

**United States of America:**
(Estados Unidos de América:)

File No. 73 396 618
(No. de registro)

Dated   0 7      1995
(Fechada)

In the matter of          SINGH, SARBJIT                                  (Respondent)
(En el asunto de)                                                          (Demandado)

Address          2525 COBBLE STONE DR
(Dirección)
                 HAYWARD, CA 94545-0000

Telephone No.(Area Code)
(Num. de teléfono y código de àrea)

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)

1) You are not a citizen or national of the United States;
   (Ud. no es ciudadano o nacional de los Estados Unidos)

2) You are a native of   INDIA                        and a citizen of   INDIA                    ;
   (Ud. es nativo de)                                 (y ciudadano de)

3) You entered the United States at or near DOUGLAS, AZ (A)            on or about   March 3, 1995   ;
   (Ud. entró a los Estados Unidos en o cerca de DOUGLAS, AZ (A) el día o hacia esa fecha 3 de Marzo 1995;)

4) You were not then inspected by an immigration officer.
   (Ud. no fue inspeccionado entonces por un funcionario de inmigración)

Form I-221 (Rev. 6/12/92) N                                                            Page 1

## NOTICE OF RIGHTS AND CONSEQUENCES

The Immigration and Naturalization Service believes that you are an alien not lawfully entitled to be or to remain in the United States. Read this notice carefully and ask questions about anything in this notice you do not understand. This notice identifies your rights as an alien in deportation proceedings, and your obligations and the conditions with which you must comply in order to protect your eligibility to be considered for certain benefits.

Any statement you make before an Immigration Officer may be used against you in any immigration or administrative proceeding.

You may be represented, at no expense to the United States government, by any attorney or other individual who is authorized and qualified to represent persons in these proceedings. You will be given a list of organizations, attorneys and other persons who have indicated their availability to represent aliens in these proceedings. Some of these persons may represent you free of charge or for a nominal fee. You may also be represented by a friend, relative, or other person having a pre-existing relationship with you, provided his or her appearance is permitted by the immigration judge.

You will have a hearing before an immigration judge, scheduled no sooner than 14 days from the date you are served with this Order to Show Cause. (Unless you request in writing an earlier hearing date.) The fourteen-day period is to allow you to seek an attorney or representative, if you desire to be represented. At your hearing, you will be given the opportunity to admit or deny any or all of the allegations in this Order to Show Cause, and whether you are deportable on the charges set forth herein. You will have an opportunity to present evidence and/or witnesses on your own behalf, to examine evidence, presented by the government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the government. Any document that you present that is in a foreign language must be accompanied by a certified English translation. It is your responsibility to ensure that any witnesses you wish to present on your own behalf be present at the hearing.

The immigration judge will advise you regarding relief from deportation for which you may be eligible. You will be given a reasonable opportunity to make an application for any such relief. If you are not satisfied with the decision of the immigration judge, you have the right to appeal. The immigration judge will provide you with your appeal rights.

## AVISO DE DERECHOS Y CONSEQUENCIAS

El Servicio de Inmigración y Naturalización opina que Ud. es un extranjero sin derecho legal a estar o permenecer en los Estados Unidos. Lea este aviso cuidadosamente y pregunte acerca de cualquier parte del mismo que no entienda. Este aviso le explica los derechos que tiene como extranjero en los trámites de deportación, y las obligaciones y condiciones que debe cumplir con el fin de proteger su derecho a que se le considere para recibir ciertos beneficios.

Las declaraciones que haga ante un funcionario del Servicio de Inmigración podrán usarse en su contra en cualquier trámite administrativo o de inmigración.

Ud. puede ser representado, sin costo algun para el gobierno de los Estados Unidos, por un abogado o otra persona autorizada y calificada para representar personas en estos trámites. Ud. recibirá una lista de las entidades, abogados y demás personas dispuestas a representar a extranjeros en estos trámites. Algunas de esas personas pueden representarle gratuitamente o por honorarios nominales. También puede representarle un amigo, familiar o otra persona con la que tenga una relación establecida, siempre que el juez de inmigración permita su comparecencia.

Ud. tendrá una audiencia ante un juez de Inmigración, fijada con un minimo de 14 dias a partir de la fecha que se le expidio esta Orden. (a menos que Ud. solicite por escrito una audiencia en plazo aún menor). El plazo de catorce días le permitirá conseguir los servicios de un abogado o representante, si lo desea. En la audiencia se le dará la oportunidad de admitir o negar cualquiera de los alegatos de esta Orden o todos ellos, y se le informará si está sujeto a deportación por los cargos expresados en la misma. Ud. tendrá la oportunidad de presentar pruebas y testigos a favor suyo, de examinar las pruebas presentadas por el gobierno, de oponerse, con base en los razonamientos legales pertinentes, a la admisión de pruebas y de interrogar a cualquier testigo del gobierno. Todo documento que presente en un idioma extranjero debe ir acompañado de una traducción certificada al inglés. Será responsabilidad suya asegurarse de que cualquier testigo suyo comparesca a la audiencia.

El juez de inmigración le informará sobre los recursos de deportación a los que tenga derecho y se le dará una oportunidad adecuada para solicitarlos. Si no está de acuerdo con la decisión del juez, puede apelarla. El juez de inmigración le informará acerca de sus derechos de apelación.

Continuation Sheet
(Hoja complementaria)

Dated 0 7 __ 1995
(Fechada)

Respondent SINGH, SARBJIT
(Demandado)

File No. 73 396 618
(No. de registro)

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:
(Y según los alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguiente(s) disposicion(es) de la ley:)

Section 241 (a) (1) (B) of the Immigration and Nationality Act (Act), as amended, in that you entered the United States without inspection.
(Sección 241 (a) (1) (B) de la Ley de Inmigración y Nacionalidad (INA), según enmendada, en que Ud. entró a los Estados Unidos sin inspección)

**WHEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at:
(**POR LO CUAL, SE LE ORDENA** comparecer ante un juez de inmigración de la Oficina Ejecutiva de Revisión de Inmigración del Departamento de Justicia de los Estados Unidos en:)

Address 550 KEARNY STREET SUITE #800
(Dirección) SAN FRANCISCO, CA 94108-0000

On July 25, 1995    At 8:30 A.M.
(Fecha) 25 de Julio, 1995    (Hora)

and show cause why you should not be deported from the United States on the charge(s) set forth above.

(y mostrar motivos justificantes por cual no debería ser deportado de los Estados Unidos por los cargos expresados anteriormente.)

Dated ____1995____    Signature of Issuing Officer _Maw Moan_
(Fechada)    (Firma del funcionario que la expide)

City and State of Issuance SAN FRANCISCO, CA    Title of Issuing Officer    Supervisory Asylum Officer
(Ciudad y Estado donde se expide)    (Título del funcionario que la expide)

You are required to be present at your ⬤portation hearing prepared to proceed. If you fail to appear at any hearing after having been given written notice of the date, time and location of your hearing, you will be ordered deported *in your absence*, if it is established that you are deportable and you have been provided the appropriate notice of the hearing.

You are required by law to provide immediately in writing an address (and telephone number, if any) where you can be contacted. You are required to provide written notice, within five (5) days, of any change in your address or telephone number to the office of the Immigration Judge listed in this notice. Any notices will be mailed only to the last address provided by you. If you are represented, notice will be sent to your representative. If you fail to appear at the scheduled deportation hearing, you will be ordered deported *in your absence* if it is established that you are deportable and you have been provided the appropriate notice of the hearing.

If you are ordered deported *in your absence*, you cannot seek to have that order rescinded except that: (a) You may file a motion to reopen the hearing within 180 days after the date of the order if you are able to show that your failure to appear was because of exceptional circumstances, or (b) you may file a motion to reopen at any time after the date of the order if you can show that you did not receive written notice of your hearing and you had provided your address and telephone number (or any changes of your address or telephone number) as required, or that you were incarcerated and did not appear at your hearing through no fault of your own. If you choose to seek judicial review of a deportation order entered *in your absence*, you must file the petition for review within 60 days (30 days if you convicted of an aggravated felony) after the date of the final order, and the review shall be confined to the issues of validity of the notice provided to you, the reasons for your failure to appear at your hearing, and whether the government established that you are deportable.

In addition to the above, if you are ordered deported *in your absence*, you are ineligible for five (5) years from the date of the final order for the following relief from deportation: voluntary departure under section 242(b) of the Immigration and Nationality Act (INA); suspension of deportation or voluntary departure under section 244 of the INA; and adjustment of status under sections 245, 248, and 249 of the INA.

The copy of this Order to Show Cause served upon you is evidence of your alien registration while you are under deportation proceedings. The law requires that you carry it with you at all times.

Está obligado a ⬤ir a la audiencia de deportación y de estar preparado para ella. Si no asiste a cualquiera de las audiencias después de haber sido notificado por escrito de la fecha, hora, y lugar de la audiencia, se ordenará su deportación *en su ausencia*, si se establece que puede ser deportado y que recibió los avisos correspondientes.

La ley le obliga a informar inmediatamente por escrito de su domicilio (y numero de telefono, de haberlo) donde pueda ser localizado. Tiene la obligación de notificar por escrito, en el plazo de cinco (5) días, cualquier cambio de domicilio o de teléfono a la oficina del juez de inmigración que aparece en este aviso. Los avisos se enviarán solamente a la última dirección facilitada por Ud. Si ha decidido tener un representante, se enviarán los avisos a dicha persona. Si no asiste a cualquiera de las audiencias después de haber sido notificado por escrito de la fecha, hora y lugar de las mismas, se ordenará su deportación *en su ausencia*, si se establece que puede ser deportado y que recibió el aviso de la audiencia.

Si se ordena su deportación *en su ausencia*, no podrá solicitar la anulación de esa Orden salvo que: (a) puede presentar un pedimento para tener otra audiencia en el plazo de 180 días después de la fecha de la orden si puede demostrar que no compareció debido a circunstancias excepcionales, o (b) puede presentar un pedimento para tener otra audiencia en cualquier momento después de la fecha de la orden si puede demostrar que no recibió el aviso de la audiencia por escrito y que habia facilitado su dirección y número de teléfono (o notificado los cambios de dirección o número de teléfono) según lo previsto, o que estaba encarcelado y no compareció a la audiencia por motivos ajenos a su voluntad. Si decide solicitar una revisión judicial de la orden de deportación *en su ausencia*, debe presentar la solicitud de revisión en el plazo de 60 días (30 días si ha sido condenado por un delito grave con agravantes) a partir de la fecha de la orden definitiva, y la revisión se limitará a decidir si el aviso que recibió es válido, las razones por las cuales no compareció a la audiencia, y si el gobierno demostró que puede ser deportado.

Además de lo anterior, si se ordena su deportación *en su ausencia*, no podrá, en el plazo de cinco (5) años después de la fecha de la orden definitiva, tener derecho a los siguientes recursos: salida voluntaria según la sección 242(b) de la ley de Inmigración y Nacionalidad (INA); suspensión de la deportación o de la salida voluntaria según la sección 244 de la INA; y ajuste de condición según las secciónes 245, 248, y 249 de la INA.

Esta copia de la Orden de Presentar Motivos Justificantes que le ha sido notificada constituye la prueba de su registro de extranjero mientras se llevan a cabo los trámites para su deportación. La ley le exige la lleve consigo en todo momento.

| | |
|---|---|
| This Order to Show Cause must be filed without delay with the Immigration Judge of the Executive Office for Immigration Review at the address provided below. You must report any changes of your address or telephone number in writing to this office: | Debe presentar esta Orden de Presentar Motivos Justificantes a la Oficina Ejecutiva de Revisión de Inmigración en la siguiente dirección. Debe notificar cualquier cambio de su domicilio o número de teléfono por escrito a: |

**The Office of the Immigration Judge**

550 KEARNY STREET SUITE #800

SAN FRANCISCO, CA 94108-0000

---

## Certificate of Translation and Oral Notice

This Order to Show Cause [ ] was [X] was not read to the named alien in the  PUNJABI  language, which is his/her native language, which he/she understands.

_____  _____  _____
Date         Signature            Printed Name and Title of Translator

_____
Address of Translator (if other than INS employee) or office location and division (if INS employee)

_____
(If oral notice was not provided please explain)

| Manner of Service | Alien's Right Thumb Print |
|---|---|
| [X] Personal Service to Alien<br>[ ] Certified Mail - Return Receipt Requested<br>　　　[ ] Alien<br>　　　[ ] Counsel of Record | |

## Certificate of Service

This Order to Show Cause was served by me at  SAN FRANCISCO, CA  on  7/10  19 95  at  10:30a .m.

_K.W._     _K. Loo_     _A.C._     _ZSF_
Officer's Signature    Printed Name    Title    Office

X _Surjit Singh_
Alien's Signature (acknowledgment/receipt of this form)
(Firma de extranjero/acuse de recibo)

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
(Solicitud de audiencia inmediata y renuncia al plazo mínimo de 14 días)

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
(Para agilizar la decisión sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo mínimo de 14 días.)

_____      _____
Signature of Respondent                                     Date
(Firma del demandado)                                         (Fecha)

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
Asylum Office
P.O. Box 77530
San Francisco, CA 94107

Name: _SARBJIT SINGH_

File No.: _A 73396618_

Decision Regarding Your Application For Asylum

You have just completed your interview with an INS Asylum Officer. **You must appear in person at this office** on the date and time indicated below to receive the Asylum Officer's decision on your application. All family members listed on your Form I-589, Application for Asylum and Withholding of Deportation, who are 14 years of age or older must appear with you when you return to receive the decision on your application. Family members who are under the age of 14 need not appear.

You will not be informed of the decision before that time. When you come back to pick up your decision, please bring this Notice and a written form of identification.

If you used the services of a translator during today's asylum interview, we suggest that you return with a translator. This translator may be helpful if you have questions about your application at that time.

Your signature below establishes that you received this Notice and that this Notice was explained to you at the asylum interview.

Applicant Must Appear
At This Office On:  _July 10, 1995, Mon. at 10:00 A.M._

Applicant's Signature: _____

**Employment Authorization: Failure to appear on the date above to pick up your decision will affect your eligibility to apply for employment authorization under 8 CFR 208.7(a)(1). An asylum applicant may request employment authorization by applying 150 days after a complete asylum application is filed. This 150-day period will be suspended if you fail to appear on the above date to pick up your decision. If your case is referred to an immigration judge, the 150-day period will not resume until you appear before the immigration judge.**

(Rev. Ed. 1/12/95)



U.S. Department of Justice

Immigration and Naturalization Service
Asylum Office
P.O. Box 77530
San Francisco, CA 94107

Date: JUL 07 1995 _____

File #: A 73 396 618

<u>Referral Notice</u>

Dear Mr. Singh:

This letter refers to your Request for Asylum in the United States (Form I-589). Applicants for asylum must credibly establish that they have suffered past persecution or have a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

If you appeared for your asylum interview, the information you provided, including your Form I-589 asylum application, your testimony and any supporting documents, was carefully reviewed and considered. Additionally, if you appeared for your interview, we consulted available resource materials on human rights conditions in your country. For the reason(s) indicated below, we have not granted your claim for asylum:

1. ☐ You failed without good cause to appear for your scheduled asylum interview, or failed without good cause to provide a competent interpreter.

2. ☐ You have not established that the incidents or experiences you described, individually or by accumulation, constitute "persecution".

3. ☐ You have not established that your fears are objectively "well-founded" because there appears to be no reasonable possibility of your suffering persecution, and because there appears to be no pattern or practice of persecution in your country of nationality or last habitual residence of persons or groups similarly situated to you.

4. ☐ You have not established that the threat of persecution exists country-wide in your country of nationality or last habitual residence.

5. ☐ Although it appeared that you have been persecuted in the past, you have not established that you have a well-founded fear of future persecution since conditions in your country of nationality or last habitual residence have changed, and you have not demonstrated compelling reasons for granting asylum because of the severity of your past persecution.

6. ☐ You have not established that the past or feared persecution is on account of race, religion, nationality, membership in a particular social group, or political opinion.

1

7. ☐ You have been firmly resettled in a third country.

8. ☐ You traveled en route to the United States through a country in which you would not fear harm or persecution and where, upon your return there, would have access to a full and fair procedure for determining your asylum claim in accordance with a bilateral or multilateral arrangement with the United States.

9. ☐ You are a citizen or national of a third country, and you have not established that you have a fear of persecution on account of a protected ground in that country.

10. ☐ You were convicted of a particularly serious crime or an aggravated felony.

11. ☐ There are reasonable grounds for regarding you as a danger to the security of the United States.

12. ☐ You ordered, incited, assisted, or otherwise participated in the persecution of others.

13. ☒ Your testimony at the asylum interview was not credible on material points of your claim.

14. ☐ Other:_____

Based on the above reasons(s), your case has been referred to an immigration judge. **This is not a denial of your asylum application.** Your request for asylum will again be considered (without additional refiling) when you appear before an immigration judge at the date and time listed on the enclosed charging document.

Additionally, if your asylum application was filed on or after January 4, 1995, this referral has no effect on when you can apply for employment authorization (unless you failed without good cause to appear for your asylum interview or provide a competent interpreter). If an immigration judge does not deny your asylum application within 150 days of the date your asylum application was first accepted by the INS (not including any delays in processing you may have sought or caused), then you will be eligible to submit a Form I-765 request for employment authorization with the INS. The earliest possible date you are eligible to apply for employment authorization is **September 21, 1995**. If an immigration judge grants your asylum application, then you are automatically eligible for employment authorization and may apply immediately.

Sincerely,

*Faye Lothridge,*

Faye Lothridge,
Asylum Office Director

Recommended by /s/ ZSF038
6/22/95

(Rev. Ed. 2/14/95)

# UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
Asylum Office
P.O. Box 77530
San Francisco, CA 94107

Name: _SARJIT SINGH_____

File No.: _A 73396 618_____

### Decision Regarding Your Application For Asylum

You have just completed your interview with an INS Asylum Officer. **You must appear in person at this office** on the date and time indicated below to receive the Asylum Officer's decision on your application. All family members listed on your Form I-589, Application for Asylum and Withholding of Deportation, who are 14 years of age or older must appear with you when you return to receive the decision on your application. Family members who are under the age of 14 need not appear.

You will not be informed of the decision before that time. When you come back to pick up your decision, please bring this Notice and a written form of identification.

If you used the services of a translator during today's asylum interview, we suggest that you return with a translator. This translator may be helpful if you have questions about your application at that time.

Your signature below establishes that you received this Notice and that this Notice was explained to you at the asylum interview.

Applicant Must Appear
At This Office On: _July 10, 1995, Mon. at 10:00 AM_

Applicant's Signature: _Sarjit Singh_

**Employment Authorization:** Failure to appear on the date above to pick up your decision will affect your eligibility to apply for employment authorization under 8 CFR 208.7(a)(1). An asylum applicant may request employment authorization by applying 150 days after a complete asylum application is filed. This 150-day period will be suspended if you fail to appear on the above date to pick up your decision. If your case is referred to an immigration judge, the 150-day period will not resume until you appear before the immigration judge.

(Rev. Ed. 1/12/95)

## ASSESSMENT TO REFER

ALIEN NUMBER: A73 396 618

NAME: Sarbjit Singh

COUNTRY: India

DATE: June 22, 1995

ASYLUM OFFICER: John Lafferty
ZSF038

REVIEWING SAO: Kathy Galvin

LOCATION: ZSF

Applicant is a 23-year-old male native and citizen of India, who entered the United States without inspection on March 3, 1995.

Applicant fears that he will be harmed or killed by the Indian authorities on account of his involvement in the AISSF and his support for an independent Sikh state.

Applicant testified that he is a Sikh from the Punjab who joined the AISSF in March 1992 because the organization was seeking to bring about an independent Khalistan by peaceful means. Applicant stated that he helped the AISSF arrange meetings as part of his membership. Applicant stated that he was arrested on two occasions - Jan. and Oct. 1994 - detained, tortured, and threatened with death if he did not stop his AISSF activities. Applicant stated that he fled India after the police came to his home looking for him again.

Applicant's testimony was found not credible for the following reasons: Applicant stated that he was a member of the AISSF, but he could not explain what any of the policies or goals of the organization were beyond the achievement of an independent Sikh state. He also could not give any details about the leadership structure or the factionalization of the organization beyond saying that Manjit Singh was the leader of his group at the time that he joined. Given that Applicant is educated (spent at least two years in college) and was a member of the AISSF for nearly two years before he was allegedly arrested the first time, this lack of knowledge is inconsistent with his claim of membership in the AISSF. This inconsistency is material to his asylum claim in that his past and feared future harm was directly connected to his alleged AISSF activities. Applicant was unable to provide a reasonable explanation for this inconsistency.

As Applicant's testimony was not credible in material respects, he has failed to meet his burden of establishing that he is a refugee as required by 8 C.F.R. § 208.13. Consequently, he is ineligible for asylum.

Assessment is to refer to the Immigration Judge.