# EXHIBIT C



**U. S. Department of Justice**

Immigration and Naturalization Service

## REPORT OF INVESTIGATION

| Title | File Number | Date |
|---|---|---|
| SINGH, SARABJIT | A73 396 618 | June 9, 1997 |
| | | **Report Number** |
| | | 1 |

| Special Agent : *(Name)* | *(Signature)* | Office |
|---|---|---|
| Rakesh K. Kashyap - INS Investigator | | New Delhi, India |
| **Approved by :** *(Name and Title)* | *(Signature)* | Office |
| Brian J. Vaillancourt - Officer in Charge | | New Delhi, India |

Investigation was conducted based upon a memorandum dated December 13, 1996 from Desley A. BROOKS, Assistant District Counsel, San Francisco, CA requesting an investigation to verify the authenticity of SUBJECT's birth certificate.

On May 23, 1997 WRITER visited the office of Additional District Registrar of Birth & Death at Hoshiarpur, Punjab and met and requested from Superintendent R.K. JOHN to search SUBJECT's birth record. WRITER was informed by the Superintendent JOHN that an exhaustive search of SUBJECT's birth record produced no record. The official statement was also issued by the Office of Additional District Registrar stating that SUBJECT's birth record is not available. Therefore, the birth certificate submitted by SUBJECT is a counterfeit document. The official statement issued by the Office of Additional District Registrar on May 23, 1997 is enclos

In sum, the investigation revealed that the birth certificate submitted by SUBJECT is a counterfeit document.

Form G-166 (Rev. 9-1-85) N

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
AMERICAN EMBASSY
SHANTIPATH, CHANAKYAPURI
NEW DELHI, INDIA

INS NDI DOCUMENT VERIFICATION FORM

**THE PURPOSE OF THIS INQUIRY IS ONLY FOR A ROUTINE BACKGROUND CHECK AND/OR VERIFICATION EXERCISE DEALING WITH GENERAL IMMIGRATION MATTERS.**

TO:  Officer in Charge
     U.S. Immigration & Naturalization Service
     American Embassy, New Delhi, India

Please find the following information regarding the validity and authenticity of the attached birth/~~death~~ certificate:

The birth/~~death~~ certificate in respect of:
Sarabjit Singh s/o Gurdial Singh, DoB: April 8, 1972

PLEASE CHECK ONLY ONE BOX EACH OF THE FOLLOWING QUESTIONS

|   | YES | NO | N/A |
|---|---|---|---|
| 1. Certificate was issued by this office: | ( ) | (✓) | ( ) |
| 2. Information contained in the certificate confirms with birth/~~death~~ records held by this office and has not been altered since the original entry: | ( ) | (✓) | ( ) |
| 3. Certificate bears genuine signatures and/or stamp of a recognized birth/~~death~~ records official, authorized by this office to issue this type of certificate: | ( ) | (✓) | ( ) |
| 4. Certificate is a true extract from the Register maintained by this office for the relevant period: | ( ) | (✓) | ( ) |
| 5. Name(s) of parent(s) listed on the certificate is correct: | ( ) | (✓) | ( ) |
| 6. Date of registration on the certificate is correct: | ( ) | (✓) | ( ) |
| 7. Certificate is a fraudulent document: | (✓) | ( ) | ( ) |

Remarks: Birth record not available certificate issued by Additional District Registrar, Birth/Death, on May 23, 1997 is enclosed.

Verified by: _____

Date: May 23, 1997

Authorized Signature and Seal
_____

Job Title:
INS Investigator

# EXHIBIT D

U.S. DEPARTMENT OF JUSTICE
Executive Office for Immigration Review
Office of the Immigration Judge

In the Matter of:                                  Case No.: A 73 16 618

_Surjit Singh_                                     Docket: _SFC_

RESPONDENT                   IN DEPORTATION PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on _____.
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

☐ The respondent was ordered deported to _____.

☐ Respondent's application for voluntary departure was denied and respondent was ordered deported to _____ or in the alternative to _____.

☒ Respondent's application for voluntary departure was granted until _____, with an alternate order of deportation to _India_ or _____.

☒ Respondent's application for asylum was ( )granted (✗)denied ( )withdrawn ( )other.

☒ Respondent's application for withholding of deportation was ( )granted (✗)denied ( )withdrawn ( )other.

☐ Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for waiver under Section _____ of the Immigration and Nationality Act was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for _____ was ( )granted ( )denied ( )withdrawn ( )other.

☐ Proceedings were terminated.

☐ The application for adjustment of status under Section (216)(216A)(245)(249) was ( )granted ( )denied ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

☐ Respondent's status was rescinded under Section 246.

☐ Other _____

☒ Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

_____
Immigration Judge

Date: _____

Form BOIR - 37
REV. - JUNE 93

Appeal: RESERVED/WAIVED ( A / I / B )

# EXHIBIT E

U.S. Department of Justice                                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File: A73 396 618 - San Francisco            Date:

In re: SARBJIT SINGH

SEP 27 2002

IN DEPORTATION PROCEEDINGS

APPEAL AND MOTION

ON BEHALF OF RESPONDENT:   Christopher Rivera, Esquire

ON BEHALF OF SERVICE:   John Nibbelin
                         Assistant District Counsel

CHARGE:

Order:  Sec.  241(a)(1)(B), I&N Act [8 U.S.C. § 1251(a)(1)(B)] -
               Entered without inspection

APPLICATION: Asylum; withholding of deportation; relief under the Convention Against Torture

The respondent appeals from an Immigration Judge's March 26, 1999, decision denying his applications for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h), but granting his request for voluntary departure under section 244(e) of the Act, 8 U.S.C. § 1254(e). During the pendency of the appeal, the respondent filed a motion to remand this matter to the Immigration Judge to allow him to seek protection under the Convention Against Torture. The motion requests a stay of deportation. The appeal will be dismissed, and the motion will be denied.

The respondent, a native and citizen of India, maintains that he experienced past persecution based on his religion, political opinion and membership in a particular social group, and asserts that he would face further persecution if forced to return to his native country (Exh. 2; Tr. at 11-26; Respondent's Brief). In particular, he testified that he was arrested and detained on two occasions by Indian police on account of his membership in the All India Sikh Student Federation (AISSF) (Tr. at 13-20). The respondent explained that he was first arrested during a demonstration in front of the magistrate's office in Hoshiarpur in January 1994 (Exh. 2; Tr. at 13-17, 35-39; Respondent's Brief). He was beaten and verbally abused during his five days of detention, and was released when his family paid the police inspector a bribe of 20,000 rupees (Exh. 2; Tr. at 13-17, 35-39; Respondent's Brief). The respondent reported that police arrested him a second time in October 1994, because of his continued involvement in AISSF and his support for the Khalistan movement (Exh. 2; Tr. at 18-20; Respondent's Brief). He explained that he was beaten and tortured during two weeks of incarceration, and was released when his parents paid police another bribe (Exh. 2; Tr. at 18-20, 35-39; Respondent's Brief).

The respondent testified that he was briefly questioned by police after attending a lecture in December 1994, and indicated that they came looking for him at his house while he was visiting a friend the following month (Exh. 2; Tr. at 23-24; Respondent's Brief). The police subsequently inquired about the respondent at his friend's house, and this friend was beaten when he refused to disclose the respondent's whereabouts (Exh. 2; Tr. at 24-25; Respondent's Brief). The respondent explained that he hid at his uncle's house until fleeing to the United States in February 1995 (Exh. 2; Tr. at 24-25; Respondent's Brief). He maintained that he would be killed if forced to return to India (Exh. 2; Tr. at 26; Respondent's Brief).

After considering the respondent's testimony and documentation, the Immigration Judge concluded that the respondent was not credible (I.J. at 9-14). In particular, she noted that the respondent submitted a birth certificate that was found to be fraudulent by the forensic laboratory, which was confirmed by an on-site investigation in India (I.J. at 5, 10; Exhs. 4, 4A).

In general, an Immigration Judge's credibility assessment will be given significant deference because he or she is in the best position to observe a witness' demeanor. *See, e.g., Turcios v. INS*, 821 F.2d 1396, 1399 (9th Cir. 1987); *Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1395 (9th Cir. 1985); *Matter of Teng*, 15 I&N Dec. 516, 518 (BIA 1975). We agree with the Immigration Judge's adverse credibility finding, and ultimately agree that the respondent has failed to set forth sufficient, credible evidence to meet his burden of demonstrating either past persecution or a well-founded fear of persecution. *Matter of A-S-*, 21 I&N Dec. 1106 (BIA 1998).

In *Matter of O-D-*, 21 I&N Dec. 1079 (BIA 1998), we held that the presentation by an asylum applicant of an identification document found to be counterfeit by forensic experts not only discredits that alien's claim as to the critical elements of identity and nationality, but, in the absence of an explanation or rebuttal, also indicates an overall lack of credibility regarding the entire asylum claim. We find that the respondent's identity as a Sikh from Punjab, India is fundamental to his claim, and his submission of a fraudulent birth certificate undermines his credibility. The respondent has failed to adequately explain this submission on appeal (Respondent's Brief). Instead, he generally asserts that he "had no knowledge of how it was prepared" (Respondent's Brief at 7). Based on the foregoing, we find that the respondent has failed to establish eligibility for asylum and, consequently, has also failed to satisfy the higher burden of proof necessary to establish eligibility for withholding of deportation. *INS v. Stevic*, 467 U.S. 407 (1984).

We next address the respondent's motion to remand this matter to allow him to seek protection under Article 3 of the United Nations Convention Against Torture. *See* 8 C.F.R. § 208.16(c). A motion to remand filed with the Board must, among other things, state the new facts to be considered at the new hearing and must be supported by affidavits or other evidentiary materials. *See* 8 C.F.R. § 3.2(c)(1). An applicant for protection under the Convention Against Torture must establish that it is "more likely than not" that he would be tortured if returned to the proposed country of removal. *See* 8 C.F.R. § 208.16(c)(2); *Matter of Y-L-, A-G-, & R-S-R*, 23 I&N Dec. 270 (A.G. 2002). The respondent has failed to state what new facts would be proven in a new hearing and has failed to provide any evidence with his motion that shows he would be subject to treatment that would qualify as torture. *See* 8 C.F.R. § 208.18(a). Therefore, we find that the respondent has failed to present

2

prima facie evidence that it is more likely than not that he would be subject to torture if returned to India, such that he has articulated a claim under the Convention Against Torture. Consequently, the motion to remand and to stay deportation will be denied.

Accordingly, the following orders will be entered.

ORDER: The respondent's appeal is dismissed.

FURTHER ORDER: The motion to remand and to stay deportation is denied.

FURTHER ORDER: Pursuant to the Immigration Judge's order and in accordance with our decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the Immigration Judge's order.

FOR THE BOARD

3

# EXHIBIT F

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARBJIT SINGH,<br><br>　　　　Petitioner,<br><br>V.<br><br>JOHN ASHCROFT, Attorney General,<br><br>　　　　Respondent. | No. 02-73443<br>Agency No. A73-396-618<br><br><br>**JUDGMENT** |

Upon Petition for Review of a Decision of the

Board of Immigration Appeals

This cause came on to be heard on the Transcript of the Record from the Immigration and Naturalization Service and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this court that the petition for review of the said decision of the Board of Immigration Appeals in this cause be, and hereby is **DENIED**.

Filed and entered Monday, December 13, 2004

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 10 2005

by: _____
Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

**DEC 13 2004**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARBJIT SINGH,<br><br>Petitioner,<br><br>v.<br><br>JOHN ASHCROFT, Attorney General,<br><br>Respondent. | No. 02-73443<br><br>Agency No. A73-396-618<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2004**

Before:   GOODWIN, WALLACE, and TROTT, Circuit Judges.

Sarbjit Singh, a native and citizen of India, petitions for review from the

Board of Immigration Appeals' ("BIA") dismissal of his appeal from an

immigration judge's denial of his application for asylum and withholding of

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deportation, and from the BIA's denial of his motion to remand to allow him to apply for protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1105a. Our review is confined to the BIA's decision and the bases upon which it relied. *See Martinez-Zelaya,* 841 F.2d 294, 296 (9th Cir. 1988). We review for substantial evidence the adverse credibility finding, *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir. 2003), and for abuse of discretion denial of the motion to remand, *Castillo-Perez v. INS,* 212 F.3d 518, 523 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the BIA's finding that Singh was not credible because Singh's submission of a fraudulent birth certificate undermined his credibility and his failure to prove his identity as a Sikh goes to the heart of his asylum claim. *See Malhi* at 993. Accordingly, Singh failed to establish eligibility for asylum or withholding of deportation. *Id.*

The BIA did not abuse its discretion in denying Singh's motion to remand to allow him to apply for CAT relief because Singh failed to present any evidence showing that it is "more likely than not" that he would be tortured if returned to India. 8 C.F.R. § 208.16(c)(2); *see also Malhi,* 336 F.3d at 993.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir. 2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**