IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SARBJIT SINGH, | § | |
| Petitioner, | § | 5:07-cv-03875-RMW |
| v. | § | |
| MICHAEL CHERTOFF, SECRETARY DEPT. OF HOMELAND SECURITY, ET AL., | § | PETITIONER'S TRAVERSE |
| Respondents | § | |

PETITIONER'S TRAVERSE

Petitioner, SARBJIT SINGH, by and through undersigned counsel, filed a Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 on July 30, 2007. On October 19, 2007, the Respondents, through counsel, filed their "Government's Return." This Traverse responds to that filing.

The Petitioner is a 35–year old native and citizen of India, from the state of Punjab. He is married to Arpinder Kaur, a lawful permanent resident of the United States. Together, they have two U.S. citizen daughters–Survir Kaur, born on November 27, 2003 and Arleen Kaur, born April 1, 2005.

The Respondents' *Return* is premised solely on the fact that the Petitioner has requested and secured a stay of his removal form the Ninth Circuit Court of Appeals. *See Case Number*: 06-70386. Therefore, the Respondents reason, the Petitioner should be detained while he seeks judicial review pursuant to 8 U.S.C. §1105a. On page 4 of its *Return*, the Respondent states, "[b]ecause Petitioner has acted to suspend the removal period by obtaining a judicial stay, Respondents have the discretion to continue his detention."

1

The record belies this disparaging statement. The petition for review was filed on January 20, 2006. The Petitioner also requested a stay of removal at that time. On April 12, 2006, the Respondent emailed a notice of non-opposition to the Petitioner's request for a stay of removal. *See* Docket for 06-70386. As a direct result of the Respondent's nonopposition to the stay, the Court granted the Petitioner a stay of removal to remain in effect for the pendency of the proceedings. The Court also issued a briefing schedule. The Petitioner through counsel timely and promptly filed his opening brief on May 23, 2006 (the brief was due on May 24, 2006). The Respondent then filed an unopposed motion for an extension of time to file its Answering Brief. The Court granted the request making the Respondent's brief due by August 14, 2006.

By August 18, 2006, the Respondent had not filed its brief; the Court, however, vacated the briefing schedule in order to seek placement of the Petitioner's case in its mediation program. The matter was then placed in the Ninth Circuit's mediation program, where a few conferences were held. On December 21, 2006, it was determined that the matter would not be included in the mediation program and the Court therefore reinstated a new briefing schedule, making the Respondent's brief due by March 5, 2007. On February 26, 2007, the Respondent requested yet another (late) extension of time to file its brief, through April 9, 2007, which the Court granted. Finally, on April 10, 2007, the brief was received as filed with the Court.

Two critical facts in the above-referenced timeline should be addressed[1]. First of all, the Respondent is taking two different positions in related litigation[2]; on the one hand, the

---

[1] The Respondent's *Return* raises another interesting question tangentially related to the Petitioner's detention. The Respondent states that the former INS "submitted evidence that Petitioner's birth certificate was forged." *Return, pg. 2, citing its Exhibit C.* Exhibit C of the *Return* includes a "Report of Investigation" which relates that "an exhaustive search of

2

Respondent did not oppose a stay of removal at the Ninth Circuit, presumably because it viewed the Petitioner's case as having merit; on the other hand, however, before this court, the Respondent takes the position that it is the "Petitioner's actions" in "obtaining a judicial stay in the Ninth Circuit" that have "act[ed]" to "prevent his removal." *Respondent's Return, pg. 3*. The Respondent also states that DHS "has completed a post-order custody review and determined that Petitioner should remain detained because the primary reason he cannot be removed is the stay of removal.' *Id., pg. 4*. This is beyond the pale: the Respondent therefore does not oppose the granting of the stay at the Circuit only to use that nonopposition as the sole basis for keeping the Petitioner detained. If the agency wanted to deport the Petitioner, why did it not oppose the stay request at the Ninth Circuit? The Respondent's actions have conspired to keep the Petitioner detained. Is this a lawful exercise of its discretion?

When the Petitioner sought a stay, the Respondent registered no opposition. As soon as the Petitioner sought judicial review and obtained a stay, suddenly, the Respondent reviewed his custody status and determined that he would not be released because allegedly they were unable to deport him because of the stay, which was granted solely due to the

---

[Petitioner]'s birth record produced no record." The Respondent then relates that ICE now has "contacted the Indian Consulate to obtain travel documents for Petitioner" and expects that they will issue shortly. *Id., pgs. 2-3, citing Exhibit K*. Exhibit K is a letter from Nancy Alcantar, Field Office Director to the Embassy of India requesting a travel document. Curiously, the letter states, "Enclosed, you find a photocopy of Mr. Singh's Birth Certificate." Exhibit K. If no birth record exists for the Petitioner, what birth certificate did ICE use in order to secure the Petitioner's travel document? Surely, the Respondent did not use the same allegedly forged birth certificate? But if no birth record exists, according to the Government's own investigation, what else could have been used?

[2] The Ninth Circuit recently addressed the so-called judicial estoppel doctrine, which "precludes a party from taking a position in a legal proceeding that directly contradicts an earlier position it took in the same or an earlier proceeding." *United States v. Castillo-Basa,* 483 F.3d 890, 899 (9th Cir. 2007), *citing Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir. 1990). The Respondent would seem to be precluded from taking these disparate positions.

3

Respondent's nonopposition. Surely, the Court will not countenance such a sinister use of power.

Secondly, the Respondent alleges that the Petitioner's "detention is voluntary." *Return, pg. 1.* This is another way of saying that the Petitioner can secure his release if he so desires. He should have never asked for a stay, the reasoning goes. It is his own delay by seeking judicial review that has caused him to be detained. But this is unfair and revisionist. As noted above, the Petitioner promptly and even prior to the due date, filed his opening brief upon the Court's first setting of the briefing schedule. After that, everything else has been due to actions beyond his power. For example, the Court on its own, placed the matter into mediation. This delayed his petition for review from August 16, 2006 until December 21, 2006. Prior to that, the Respondent delayed filing his brief and sought a 60-day extension of time (from August 15, 2006 through August 14, 2006).

After it was determined that the matter would not be placed in the mediation program on December 21, 2006, the Court set the Respondent's brief due date at march 5, 2007, nearly 90-days later. Then, the Respondent further delayed the matter from March 5, 2007 until April 9, 2007 by requesting an untimely extension of time. Thus, it is simply unfair to accuse the Petitioner of delaying proceedings when most of the delay is attributable to the Respondent's extensions of time in filing its brief and the Ninth Circuit's having placed the matter into the mediation program, a process which delayed proceedings for approximately four months–from August to December 2006.

Again, if the Respondent was so interested in deporting the Petitioner, why did it not oppose the Petitioner's request for a stay? This would have resolved the matter definitively: if the Court denied the stay, the Respondent could have deported the Petitioner. Instead, the Respondent expressly filed a non-opposition to the stay, which led the Court to grant the

4

stay. Now, the Respondent uses as a sword, its nonopposition to the stay, which caused the Court to grant the stay, as a basis for keeping the Petitioner detained.

Finally, it is simply inhumane to punish the Petitioner for exercising his statutorily authorized right to seek judicial review of the Board's decision in federal court. The sole basis for his continued detention is his pursuit of judicial review. This perhaps makes sense when the individual seeking judicial review is serving time for having committed a criminal offense for which he was sentenced. In this context, however, it is unconscionable. "The price for securing a stay of removal should not be continuing incarceration…[Petitioner] should not be effectively punished for pursuing applicable legal remedies." *Oyedeji v. Ashcroft,* 332 F.Supp. 2d 747, 753 (M.D. Pa. 2004) . "The fact that the alien has procured a stay of removal does not undermine the bedrock principle that there must be a 'special justification' outweighing the alien's constitutionally-protected interest in liberty, as well as 'adequate procedural protections' to continue incarceration while the alien litigates his claims." *Id., at* 753-54, *citing Zadvydas v. Davis,* 533 U.S. 678, 690 (2001).

I remain, respectfully yours,


/s/ Martin Resendez Guajardo


_____
MARTIN RESENDEZ GUAJARDO
Counsel for the Petitioner
P.O. Box 2087
San Francisco, California 94126
T: (415) 398–3852
F: (415) 296–8730

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th of October 2007 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Melanie Lea Proctor
United States Attorney's Office
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
(415) 436-6730
Fax: (415) 436-6927
Melanie.Proctor@usdoj.gov


/s/ Martin Resendez Guajardo

_____
MARTIN RESENDEZ GUAJARDO
Attorney for Petitioner